IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL D. FOLEY, | No. C-06-05018 EDL |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| COMMISSIONER INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## I.   BACKGROUND

Plaintiff Darrell Foley, appearing pro se, filed this action against the Commissioner of the Internal Revenue Service on August 21, 2006. On May 28, 2003, Plaintiff filed for a Chapter 11 bankruptcy petition, which was converted to a Chapter 7 bankruptcy proceeding on July 14, 2003. On October 16, 2003, Foley received a discharge of his liabilities. That case is still pending, however, because the Chapter 7 estate has assets. The IRS filed a proof of claim on May 16, 2006. Mot. at 2. See Compl. at 4.

Plaintiff alleges that he had no taxable income in 2004, but that for unknown reasons his social security number was reported on income earned by non-party Carla Whitney. Plaintiff alleges that he supplied the IRS with a checking account number reflecting cancelled checks payable to Whitney, after which the IRS required Plaintiff to file a substitute tax form for 2004. Compl. at 4-8. At the hearing on the present motion, Plaintiff informed the Court that after he filed suit, the government had returned his tax refund.

Plaintiff alleges the following causes of action: (1) negligence; (2) harassment;

(3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) Bivens claim for denial of equal protection and due process.

On Aug. 21, 2006, the Court issued its Standing Order re Case Management Conference and general Standing Order. Plaintiff filed his consent to proceed before a magistrate judge that same day. On October 10, 2006, the Court granted Plaintiff's application to proceed in forma pauperis. The government filed its case management statement on November 14, 2006, in advance of the Case Management Conference on November 21, 2006. The government indicated in its statement that "the plaintiff has not contacted the United States regarding this matter" and that "the United States has been unable to reach Mr. Foley by telephone to discuss." 11/14/06 Govt's Case Mgmt St. at 1. The government also indicated that it consented "to the assignment of this matter to a United States Magistrate Judge." Id., ¶ 7. On November 22, 2006, the government filed its consent to proceed, which Plaintiff challenges for mistakenly naming defendants "Lance Strauss and Elizabeth." Despite this apparent typographical error, the government has properly consented to proceed before a magistrate judge in its Case Management Statement. Plaintiff further contends that he revokes his consent to proceed before a magistrate judge, but fails to show extraordinary circumstances sufficient to revoke his consent here. 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

Plaintiff did not appear at the November 21, 2006 Case Management Conference.[1] The Court ordered the government to file its motion to dismiss by January 16, 2007. 11/28/06 Order Following Initial Case Management Conference. The government timely filed the present motion to dismiss. Plaintiff appeared pro se at the hearing on the motion, which was held on January 23, 2007.

## II.     ANALYSIS

### A.     Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

[1] The government noted in its Reply that on December 6, 2006, Plaintiff filed a lawsuit against the government and the Court for alleged abuses of discretion arising out of this Court's CMC Standing Order and the CMC. Foley v. United States, 06-7481 JSW. That case has since been related to the present one.

2

1  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Dismissal can be based on the lack of a cognizable

2  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.

3  Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In analyzing whether to grant a Rule

4  12(b)(6) motion, the court should keep in mind that dismissal is disfavored and should be granted

5  only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

6  In analyzing a motion to dismiss, the Court must accept as true all material allegations in the

7  complaint, and construe them in the light most favorable to the nonmoving party.  NL Industries,

8  Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  Conclusory allegations, unsupported by the facts

9  alleged, need not be accepted as true.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

### B. Implied Action Under Bivens

Plaintiff alleges that the government denied him of equal protection and due process guaranteed under the Fifth Amendment by "maliciously and erroneously" assessing taxes on income he did not earn, and by forcing Plaintiff to file a substitute tax return, depriving him of his liberty interest.  Compl. at 19-20.  These allegations would present a colorable claim for relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of narcotics, 403 U.S. 388 (1971), if such a claim were available against IRS officials.  However, the Ninth Circuit ruled that "[b]ecause the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that Bivens relief is unavailable for plaintiffs' suit against IRS auditors and officials."  Adams v. Johnson, 355 F.3d 1179, 1186 (9th Cir. 2004).  In Adams, the Court of Appeals considered alternative remedies available to the plaintiffs under the Tax Equity and Fiscal Responsibility Act of 1982, as well as the general provisions of the Internal Revenue Code, and held that the taxpayer plaintiffs "may not pursue a Bivens action with complaints about the IRS's audits, assessments, and collection of partnership taxes and the obligations of partners."  355 F.3d at 1188.

The government argues that Plaintiff here has alternative remedies under the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 1346(a)) and the Internal Revenue Code (26 U.S.C. § 7433).  Mot. at 4.  Under Adams, Section 7433 provides the more important remedy of civil damages for unauthorized collection actions:

3

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [for failure to release lien], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). See Adams, 355 F.3d at 1187. As the Internal Revenue Code provides specific and exclusive relief for taxpayers' benefit, Plaintiff's Bivens claim is barred under Adams. This claim is dismissed with prejudice.

### C. Tort Claims

#### 1. Exception to Federal Tort Claims Act

The United States is immune from suit unless it waives its sovereign immunity and consents to be sued. See Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006). Under the jurisdictional provision of the FTCA, the United States only waives sovereign immunity for damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." 28 U.S.C. § 1346(b).

"The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains. The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680. . . ." Dolan v. U.S. Postal Service, 546 U.S. 481, 126 S.Ct. 1252, 1256 (2006). The government argues here that Plaintiff's claims are barred by one of those exceptions: "Any claim arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. § 2680(c). Though Dolan concerned a different exception for claims arising out of negligent transmission of mail, the Supreme Court relied in Dolan on its ruling in Kosak v. United States, 465 U.S. 848 (1984). In Kosak, the Court held that Section 2680(c) barred an art collector's action for damage to artworks that were damaged when the Customs Service seized and detained them. The Court contrasted the generality of Section 2680(c) with the specificity of

4

Section 2680(b) concerning negligent postal transmission, observing that Congress intended the more general exception concerning claims arising out of tax or customs duty collection to be more encompassing than the rather specific exception for negligent transmission. 465 U.S. at 855. The Supreme Court concluded that "the fairest interpretation of the crucial portion of the provision is the one that first springs to mind: 'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." Id. at 854. Thus, the Supreme Court has construed the exception set forth in Section 2680(c) broadly.

In Willis v. IRS, 1997 WL 1038219 at *3 (E.D.Cal.,1997), the court reasoned as follows:

> Although the United States has consented to suit for tort claims under the FTCA, the FTCA specifically exempts from its coverage claims against the United States "arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). To the extent plaintiffs' claims are based on the IRS's assessment and collection of taxes, regardless of whether the IRS agents' collection activities were beyond the normal scope of authority and amounted to tortious conduct, the United States is immune from such claims under the FTCA. Jones v. United States, 16 F.3d 979, 981 (8th Cir.1994); Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975). To the extent plaintiffs' claim is alternatively based on activities falling outside the assessment and collection of taxes, plaintiffs have failed to allege compliance with the jurisdictional prerequisite of filing an administrative claim prior to bringing suit under the FTCA. 28 U.S.C. § 2675(a). Such failure is fatal to any possible FTCA claim. Spawr v. United States, 796 F.2d 279, 280 (9th Cir.1986). Accordingly, plaintiffs cannot maintain their action against the United States under the FTCA.

Here, the Court concurs with the reasoning set forth in Willis and concludes that Plaintiff's claims arise in respect of the assessment or collection of income tax, which are specifically exempt from the FTCA. See Morris, 521 F.2d at 874 (affirming dismissal of claims that IRS told tax debtor's creditors about the tax debt and credit consequently dried up, and that IRS harassed and intimidated tax debtor).

### 2. Exhaustion Requirement Under FTCA

Before proceeding in federal court, Plaintiff must exhaust his administrative remedies by filing a statement of his claim with the IRS. The FTCA provides that "[a]n action shall not be

5

instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . ." 28 U.S.C. § 2675(a).

The Ninth Circuit has repeatedly held that "the exhaustion requirement is jurisdictional in nature and must be interpreted strictly:  'This is particularly so since the [Act] waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States. Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions.  Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.'"  Vacek, 447 F.3d at 1250 (citing Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992)).  Here, Plaintiff has failed to allege that he has filed a claim with the IRS, and has not exhausted his administrative remedies.

### D.     Failure to State § 1346(a) Claim

Plaintiff appears to allege only tort claims and a Bivens claim against the government, but to the extent his complaint could be construed as alleging a claim to recover any tax, such a claim should be dismissed for failure to pay taxes.  Mot. at 9.  The FTCA provides that the district court has jurisdiction of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). An action for recovery of taxes requires that the taxpayer first pay the assessed taxes before filing a tax refund suit.  Flora v. United States, 357 U.S. 63, 75 (1958) ("pay  first, litigate later").  Here, Plaintiff does not allege payment of the taxes assessed against him, and therefore fails to state a claim under Section 1346.

6

### E.    Failure to Exhaust § 7433(a) Claim

Plaintiff's non-Bivens tort claims fall squarely within 28 U.S.C. § 7433(a), which allows a taxpayer to file suit based on unauthorized collection actions:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [for failure to release lien], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  However, Plaintiff has not exhausted his administrative remedies as required under Section 7433(d)(1), which provides as follows: "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  The procedures for an administrative claim "for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1).

Unless Plaintiff can amend his complaint to include truthful allegations that he timely exhausted his administrative remedies, the Court lacks jurisdiction under Section 7433. Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992).  At the hearing, the Court addressed the need to exhaust proper administrative remedies, and Plaintiff did not indicate that he had.  Plaintiff is not barred from filing a new lawsuit if he succeeds in timely filing an administrative claim.  See Sparrow v. USPS, 825 F.Supp. 252, 254-55 (E.D.Cal.1993) (granting motion to dismiss premature complaint, which could not be cured through amendment, but would require filing a new suit).

### F.    Declaratory Judgment Act

Plaintiff does not specifically pray for declaratory relief, but to the extent his complaint alleges such a claim, it is barred by the Declaratory Judgement Act, which specifically excludes declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201(a).

7

### G. Anti-Injunction Act

To the extent that Plaintiff seeks to restrain the collection of his tax liabilities, such claims are barred by the Anti-Injunction Act, which provides that subject to specific exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiff has not alleged, and it does not appear, that he falls within a statutory exception.

Furthermore, Plaintiff has not shown that he falls within the judicial exception to the Anti-Injunction Act. The Supreme Court has held that "a pre-enforcement injunction against the assessment or collection of taxes may be granted only (i) 'if it is clear that under no circumstances could the Government ultimately prevail . . .,' and (ii) 'if equity jurisdiction otherwise exists.' Unless both conditions are met, a suit for preventive injunctive relief must be dismissed. Alexander v. "Americans United'" Inc., 416 U.S. 752, 758 (1974) (citing Bob Jones University v. Simon, 416 U.S. 725 (1974) and Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962)). Under the second prong, Plaintiff has adequate remedies at law available to him under the Internal Revenue Code, if he fulfills the administrative requirements, and fails to establish that injunctive relief is appropriate here. Any claim for injunctive relief must therefore be dismissed.

### III. CONCLUSION

Defendant's motion to dismiss is granted without prejudice to allow Plaintiff to exhaust administrative remedies as to his statutory claims against the government. The motion is granted with prejudice as to the Fifth Claim for Bivens relief for failure to state a claim.

**IT IS SO ORDERED.**

Dated: March 15, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge